IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER NOVUS DAVIS,** )<br>No. L135898, )<br>   )<br>   **Plaintiff,** )<br>   )<br>   vs. )<br>   )<br>**DEPT. OF HUMAN SERVICES,** )<br>**CHESTER MENTAL HEALTH CENTER,** )<br>**OFFICE OF INSPECTOR GENERAL,** )<br>Dept. of Human Services, and )<br>**OFFICE OF INSPECTOR GENERAL,** )<br>Chester Mental Health, )<br>   )<br>   **Defendants.** ) | Case No. 13-cv-01260-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Christopher Novus Davis, an inmate in the Lake County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on his being assaulted by staff while he was housed at Chester Mental Health Center. The complaint suggests that Plaintiff was a civil detainee while housed at Chester Mental Health Center.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

      (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on December 26, 2011—just after Plaintiff arrived at the facility—he stood up in the dining area during breakfast in order to retrieve a forgotten container of milk. Plaintiff was unaware that standing without permission is against the rules. Three security therapy aides ("STA's") approached Plaintiff. The situation escalated, with one STA indicating he/she did not want to deal with "retarded motherfuckers" that early in the morning,

and another STA threatening to tie down Plaintiff.  Additional staff arrived; Plaintiff was cuffed behind his back and walked back to his living unit.   Along the way, Plaintiff was taunted with racial comments and threatened that the STA's had "something" for his "tough ass."  Although Plaintiff was cooperating, when the group reached an area without complete camera coverage, Plaintiff was beaten about the face and choked, resulting in his eyes hemorrhaging.  He was subsequently strapped down in a restraint bed for close to four hours.

The next day, upon Plaintiff's complaint, the facility's internal Office of Inspector General investigated, as did the Illinois Department of Human Services' Office of Inspector General.  The Illinois Guardianship & Advocacy Commission also investigated and reported on the incident, finding "policy" violations and making recommendations regarding camera coverage, reporting, de-escalation, etc.  Based on the allegations in the complaint and the documentation attached to the compliant, none of the investigations confirmed or refuted the alleged use of excessive force, but Plaintiff's eye hemorrhaging apparently was confirmed.

The Court finds that the complaint states a single colorable constitutional claim:

> **Count 1:  On December 26, 2011, unidentified staff at Chester Mental Health Center used excessive force against Plaintiff, in violation of the Fourteenth and/or Eighth Amendment.**

The reasons for recognizing only a single claim and the viability of Count 1 will be discussed below.  At this juncture, even this single claim cannot proceed, as there is no identified defendant to receive service of process.

## Discussion

### Claims and Defendants

Claims concerning the conditions of confinement of civil detainees are assessed under the due process clause of the Fourteenth Amendment. *See West v. Schwebke,* 333 F.3d 745, 747–48 (7th Cir. 2003). Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose

> conditions of confinement are designed to punish." *Youngberg v. Romeo,* 457 U.S. 307, 321–22, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). But the Supreme Court has not determined how much additional protection civil detainees are entitled to beyond the protections afforded by the Eighth Amendment bar on cruel and unusual punishment.

*McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013).  Accordingly, the Eighth Amendment provides the relevant threshold for liability, regardless of Plaintiff Davis's status.

The Eighth Amendment to the United States Constitution prohibits being subjected to cruel and unusual punishment.  *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  For example, the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment.  *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  Thus, the principal allegations of the complaint state a colorable claim, which has been framed as Count 1.  Other allegations and assertions, however, fail to state viable claims.

Name-calling, racially derogatory language, and rude, boorish behavior do not violate the Eighth Amendment.  *See*, e.g., *DeWalt*, 224 F.3d at 612; *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir.1987).  Therefore, all such claims will be dismissed with prejudice.

The violation of state laws, regulations and policies, alone, does not present a constitutional violation, either.  *See Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.,* 270 F.3d 520, 526 (7th Cir. 2001).  Therefore, all such claims will be dismissed with prejudice.

Furthermore, none of the named defendants qualify as a "person" within the meaning of the Civil Rights Act, and are not subject to a Section 1983 suit.  *See generally Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  The doctrine of *respondeat superior* is not applicable to

Section 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Plaintiff has not alleged that any of the defendant entities are "personally responsible for the deprivation of a constitutional right."  *Id.*  Nor is it alleged that there is a policy or practice that could form the basis for liability.  Consequently, the Department of Human Services, the Chester Mental Health Center Office of Inspector General, and the Illinois Department of Human Services Office of Inspector General must all be dismissed.  Out of an overabundance of caution, these entities will be dismissed without prejudice.

Although Chester Mental Health Center is named as a defendant, the complaint makes clear that Plaintiff is taking issue with the excessive force inflicted upon him by a group of staff members, none of whom can be specifically identified at this time.  Therefore, in framing Count 1, the Court has construed the allegations as being lodged against unidentified Chester Mental Health Center <u>staff</u>.  Nevertheless, until Plaintiff can identify at least one staff member involved in the alleged assault, service of process cannot be completed.  Therefore, Count 1 will be dismissed without prejudice and Plaintiff will be afforded an opportunity to conduct discovery and amend the complaint.

**<u>Identification of Unknown Defendants</u>**

When a "prisoner" plaintiff's complaint states specific allegations describing conduct of individual staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the plaintiff should have the opportunity to engage in limited discovery to ascertain the identity of those defendants.  *See Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 832 (7th Cir. 2009).  "Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials

involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).

The Court is mindful of the Seventh Circuit's admonition that where a prisoner plaintiff is not in a position to adequately investigate in order to determine which individuals were responsible for the violation of his constitutional rights, the district court may, under certain circumstances, have a duty "to assist him, within reason, to make the necessary investigation." *Santiago v. Walls,* 599 F.3d 749, 763–64 (7th Cir. 2010) (quoting *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 789–90 (7th Cir. 1995)). The *Billman* court noted that a prisoner's "initial inability to identify the injurers is not by itself a proper ground for the dismissal of the suit. Dismissal would gratuitously prevent him from using the tools of pretrial discovery to discover the defendants' identity." *Billman,* 56 F.3d at 789.

For these reasons, Plaintiff Davis's situation warrants immediate consideration of his motion for appointment of counsel (Doc. 5).

**<u>Appointment of Counsel</u>**

According to Plaintiff's motion for appointment of counsel (Doc. 5), he has made multiple attempts to secure counsel, to no avail. Plaintiff also explains that he only has a high school education.

The complaint is stated in a relatively articulate manner. Nevertheless, Plaintiff's apparent mental health issues, combined with his transfer from Chester Mental Health Center to a jail in northern Illinois, create an unusual circumstance warranting the appointment of counsel.

Counsel will be allotted a period of time within which to identify the relevant staff members and amend the complaint accordingly. If the relevant staff members cannot be identified in the time allotted, the case will be closed and judgment will be entered.

## Disposition

As a preliminary matter, the Clerk of Court is **DIRECTED** to have the record more accurately reflect that **CHESTER MENTAL HEALTH CENTER STAFF** as a Defendant.

**IT IS HEREBY ORDERED** that all claims regarding (1) the use of derogatory and/or threatening language, and (2) the violation of state laws, regulations or policies are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the **DEPARTMENT OF HUMAN SERVICES**, the **CHESTER MENTAL HEALTH CENTER OFFICE OF INSPECTOR GENERAL**, and the **ILLINOIS DEPARTMENT OF HUMAN SERVICES OFFICE OF INSPECTOR GENERAL** are all **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 1** against **CHESTER MENTAL HEALTH CENTER STAFF** is **DISMISSED** without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's motion for the recruitment of counsel (Doc. 5) is **GRANTED**. Accordingly, the Court **APPOINTS** Attorney **CHRISTOPHER S. IARIA**, of the firm Freedman, Anselmo, Lindberg, 1807 W. Diehl Road, # 333, Naperville, IL 60563, to represent Plaintiff in this action in this Court only. The Amended Complaint **SHALL BE FILED on or before April 9, 2014).** Failure to identify the relevant defendants and file an Amended Complaint will result in the dismissal of the case and entry of judgment.

Attorney **IARIA** shall enter his appearance **on or before February 9, 2014**. Plaintiff's counsel is welcome to share responsibilities with an associate who is also admitted to practice in

this district court.  **The Court will not accept any filings from Plaintiff individually while he is represented by counsel,** except a pleading that asks that he be allowed to have counsel withdraw from representation.  If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other counsel to represent him.

Because Plaintiff is proceeding *in forma pauperis,* if there is a monetary recovery in this case (either by verdict or settlement), **any unpaid out-of-pocket costs must be paid from the proceeds**.  *See* SDIL-LR 3.1(c)(1).  If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case.

**IT IS SO ORDERED.**

DATED:  JANUARY 9, 2014

*s/* J. Phil Gilbert  
**United States District Judge**