IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER NOVUS DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-01260-JPG |
| | ) |
| CHESTER MENTAL HEALTH CENTER, | ) |
| LUCAS NANNY, | ) |
| TOM NORDMAN, | ) |
| JOSH RACKLEY, and | ) |
| TERRY STEWART, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Christopher Novus Davis, a detainee in Chester Mental Health Center ("CMHC"), brings this action through court-appointed counsel, for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an alleged beating at the hands of CMHC employees on December 26, 2011.

This case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

### The Complaint

According to the amended complaint, Plaintiff Davis was admitted to CMHC on December 22, 2011. Unfamiliar with the rules and procedures for patients, on December 26, 2011, Davis stood up mid-meal in violation of the rules. When Davis refused to sit down, he was placed in full leather restraints and removed from the cafeteria. In transit, CMHC employees Lucas Nanny, Tom Nordsman, Josh Rackley and Terry Stewart physically attacked Plaintiff without provocation or justification. The attack occurred in an area referred to as the "stem," where there are no cameras to record the incident. Plaintiff further notes that the CMHC Unit Manager, Gary Hand, was away from work on the day of the attack.

The amended complaint contains three counts which are summarized as follows:[1]

**Count 1:** **Defendants Lucas Nanny, Tom Nordsman, Josh Rackley and Terry Stewart used excessive force against Plaintiff Davis in violation of the Fourth and Fourteenth Amendments;**

**Count 2:** **Defendants Lucas Nanny, Tom Nordsman, Josh Rackley and Terry Stewart were all present while Plaintiff Davis was physically attacked and had an opportunity to intervene, but they deliberately did not do so, in violation of the Fourth and Fourteenth Amendments; and**

**Count 3:** **The physical attack upon Plaintiff Davis was a direct and proximate result of negligent supervision of and by Defendants Lucas Nanny, Tom Nordsman, Josh Rackley, Terry Stewart and Chester Mental Health Center, amounting to punishment without due process of law, in violation of Fourteenth Amendment.**

Count 1 also references the denial of Plaintiff's right to life and liberty under the Fourteenth Amendment. No due process claim has been recognized in Count 1 because, reading the claim as a whole, it appears that Plaintiff is actually only referring to the use of excessive

---

[1] The Court has substituted Arabic numerals for the Roman numerals used in the amended complaint.

force, not to procedural due process.  Any intended due process claim in Count 1 should be considered dismissed without prejudice.

## Discussion

Having read the complaint and amended complaint, Plaintiff Davis's legal status at CMHC is not entirely clear.  His legal status is determinative of the standard for the applicable constitutional principles and the standard for liability to attach.  *See Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013).  The amended complaint refers to Plaintiff as a "detainee" and a "patient," and references the Fourth and Fourteenth Amendments.

> Claims concerning the conditions of confinement of civil detainees are assessed under the due process clause of the Fourteenth Amendment.  *See West v. Schwebke,* 333 F.3d 745, 747–48 (7th Cir. 2003). Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo,* 457 U.S. 307, 321–22, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). But the Supreme Court has not determined how much additional protection civil detainees are entitled to beyond the protections afforded by the Eighth Amendment bar on cruel and unusual punishment.

*McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013).  In contrast, "'the Fourth Amendment governs the period of confinement between arrest without a warrant and the [probable cause determination].'"  *Currie*, 728 F.3d at 629 (quoting *Villanova v. Abrams,* 972 F.2d 792, 797 (7th Cir.1992)).  In any event, because Federal Rule of Civil Procedure 8 only requires "notice" pleading, there is no duty to plead legal theories.  See, *e.g., Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011).

Counts 1 and 2 state colorable constitutional claims against Defendants Lucas Nanny, Tom Nordsman, Josh Rackley and Terry Stewart.  Counts 1 and 2 shall, therefore, proceed.

Count 3, as pleaded, is a bit muddled and will be dismissed without prejudice.  Plaintiff characterizes Count 3 as a claim for "negligent supervision."  Section 1983 creates a cause of

action for constitutional deprivations. *See Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). Therefore, as a preliminary matter, the claim of "negligent supervision" must be dismissed because the Constitution does not protect against negligence. *See Smith v. Sangamon County Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013).

Furthermore, the amended complaint alleges that Defendants Lucas Nanny, Tom Nordsman, Josh Rackley and Terry Stewart should be held liable for failing to supervise *themselves* (*see* Doc. 12, p. 6 ¶ 37)—which would, essentially, be duplicative of Counts 1 and 2.

Insofar as CMHC is a named defendant, governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). *See also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.' " *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986)). *See also Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.' " (quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007))). No policy or practice has been pleaded; rather, the amended complaint only observes that Unit Manager Gary Hand was not working on December 26, 2011.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 3** and Defendant **CHESTER MENTAL HEALTH CENTER** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall **PROCEED** against Defendants **LUCAS NANNY**, **TOM NORDSMAN**, **JOSH RACKLEY** and **TERRY STEWART**.

The Clerk of Court shall prepare for Defendants **LUCAS NANNY**, **TOM NORDSMAN**, **JOSH RACKLEY** and **TERRY STEWART**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 9, 2014**

*s/J. Phil Gilbert*
**United States District Judge**
