IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER NOVUS DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-1260-SMY-RJD |
| | ) | |
| LUCAS NANNY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion to Quash Subpoenas (Doc. 132).

For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

PROCEDURAL BACKGROUND

Plaintiff Christopher Novus Davis brings this action pursuant to 42 U.S.C. § 1983 alleging

his constitutional rights were violated while he was detained at Chester Mental Health Center

("CMHC"). In his amended complaint, Plaintiff alleged he was physically attacked by CMHC

employees Lucas Nanny, Tom Nordsman, Josh Rackley, and Terry Stewart on December 26,

2011, without provocation or justification. Plaintiff is currently proceeding on the following

claims:

Count One:  Defendants Nanny, Nordsman, Rackley, and Stewart used excessive force
against Plaintiff in violation of the Fourth and Fourteenth Amendments; and

Count Two:  Defendants Nanny, Nordsman, Rackley, and Stewart were all present while
Plaintiff was physically attacked and had an opportunity to intervene, but
they deliberately did not do so, in violation of the Fourth and Fourteenth
Amendments.

Current counsel for Plaintiff was appointed on September 29, 2017, after Plaintiff's

former counsel was allowed to withdraw (Docs. 112, 115). Soon after his appointment, counsel, on behalf of Plaintiff, sought to reopen fact discovery for sixty days, indicating that "no depositions of any defendants or other potential witnesses have been taken in this case" (Doc. 123). Following a status conference held on November 7, 2017, the undersigned granted Plaintiff's motion to reopen discovery, setting the discovery deadline for January 8, 2018 (Doc. 125). The parties jointly moved to extend the discovery deadline on December 28, 2017, in order to complete Defendants' depositions (Doc. 126). On January 2, 2018, the Court granted the motion, extending the discovery deadline to February 2, 2018 (Doc. 128).

On January 25, 2018, the Court held a discovery dispute conference to discuss recent subpoenas issued by counsel for Plaintiff. The Court directed Defendants to file a motion to quash. Defendants filed their Motion to Quash on January 26, 2018 (Doc. 132). Plaintiff filed his response thereto on January 30, 2018 (Doc. 133).

## DISCUSSION

Defendants seek to quash the following: (1) a subpoena for a Fed. R. Civ. P. 30(b)(6) deposition directed to CMHC; (2) a subpoena directed to CMHC for the production of documents; and (3) subpoenas for the depositions of eleven non-party witnesses[1]. Plaintiff objects to Defendants' motion. The Court finds as follows.

### 1. Rule 30(b)(6) and Document Production Subpoenas Issued to CMHC

Defendants ask the Court to quash the Rule 30(b)(6) and document production subpoenas directed to CMHC because the deposition and document production topics are outside the scope of intended discovery, overly broad, and irrelevant to the claims in this matter. Plaintiff disagrees,

---

[1] In their motion, Defendants reference a subpoena directed to the Lake County, Illinois Adult Corrections Facility for the production of documents that was served by Plaintiff. Defendants, however, make no argument concerning this subpoena and, therefore, the Court does not consider it in this Order.

and contends that Defendants do not have standing to quash the subpoenas on the grounds set forth in their motion.

As a general rule, a party can move to quash a subpoena issued to a nonparty only if the party has a claim of privilege, privacy, or other personal right with regard to the documents sought. *See, e.g., United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) ("A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests."); *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012). Defendants do not claim that any purported privilege, privacy interest, or other personal right is implicated here; rather, they simply claim that the subpoenas are burdensome and seek irrelevant information. Accordingly, Defendants have not established sufficient standing to challenge the subpoenas on these grounds.

The Court, however, is inclined to exercise its authority under Rule 26 to limit the scope of discovery here[2]. Rule 26 states that a court, "on motion or on its own … must limit the frequency or extent of discovery otherwise allowed" if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C). The Court has weighed the factors set forth in Rule 26(b)(1) and finds that the information sought by Plaintiff from CMHC is outside the scope of Rule 26(b)(1) insofar as it is not proportional to the needs of

---

[2] The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense …. Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 99 (1979) (internal citations omitted).

the case, particularly in light of this matter's current posture.   Discovery has been reopened for a limited period of time to allow Plaintiff's new counsel time to prepare this case for trial, which is set for March 5, 2018.   Notwithstanding the entry of new counsel for Plaintiff, this matter has been pending for more than four years; thus, Plaintiff had ample opportunity to obtain the information he now seeks.   For these reasons, the Court **QUASHES** the Rule 30(b)(6) Subpoena directed to CMHC and the Subpoena for Production of Documents directed to CMHC.

2.   **Depositions of Third-Party Witnesses**

Defendants also request that the Court quash Plaintiff's eleven subpoenas for non-party witness depositions.   Defendants contend that these subpoenas should be quashed because they go beyond the limited scope of discovery allowed in this case (in light of the Court's order reopening the same), violate Rule 30's deposition limit, and subject Defendants to an undue burden.   The Court disagrees.

First, the Court's Order reopening discovery did not place precise limitations on the allowable scope and, notably, Plaintiff indicated his motion that "no depositions of any defendants or other potential witnesses have been taken in this case."   Further, Plaintiff correctly points out that the witnesses whose depositions he seeks were specifically identified by Defendants as witnesses who will, or may, be called to testify at trial[3] (*see* Doc. 107).   Finally, the Court finds that Defendants were provided adequate notice of the depositions, having received an email from Plaintiff's counsel on January 12, 2018, the day they were served.   Thus, there is no finding of an "undue burden" (and such argument is more appropriate for the subpoenaed witnesses, rather than the Defendants, to proffer).   For these reasons, Defendants' motion to quash the non-party

---

[3] The only exception being Dr. Mary Hanessian.   It is not clear if this individual was included in Defendants' Rule 26(a)(3)(A) pretrial disclosures.   If this individual was not included and Plaintiff declines to withdraw his subpoena as to this individual, the parties should notify the Court.

witness subpoenas is **DENIED**.  However, the Court shall require Plaintiff to limit the total

number of depositions in accordance with Federal Rule of Civil Procedure 30.  Further, the

depositions of any non-party witnesses shall be limited to two hours on the record.  The

depositions must be completed by **February 16, 2018**.   No extensions will be granted.

**IT IS SO ORDERED.**

**DATED: February 1, 2018**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**