# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER NOVUS DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:13-CV-1260-SMY-RJD |
| LUCAS NANNY, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Pending before the Court are the motions *in limine* filed by Plaintiff Christopher Novus Davis (Doc. 140) and Defendants Lucas Nanny, Tom Nordman, Josh Rackley and Terry Stewart (Doc. 104). All parties have responded (Docs. 154 and 141).

The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996).

Motions *in limine* also may save the parties time, effort, and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc*., 932 F. Supp.

220, 222 (N.D. Ill. 1996). Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.

A Court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. The Court should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Jonasson,* 115 F.3d at 440.

With these principles in mind, the Court rules as follows.

## Plaintiff's Motions *in Limine:*

**Plaintiff's Motion *in Limine* 1** seeks to preclude testimony or argument regarding Plaintiff's criminal charges, convictions, or sentences. Evidence that Plaintiff has been convicted of a felony is probative as to his credibility as a witness and admissible under FRE 609. However, the Court finds that details such as to the crime(s) for which Plaintiff was convicted and the length of his sentence are more prejudicial than probative and are thus excludable under FRE 403. The motion is therefore **DENIED**. However, evidence or argument regarding Plaintiff's criminal history is limited to the fact that Plaintiff has been convicted of a felony.

**Plaintiff's Motion *in Limine* 2** seeks to exclude evidence of unrelated lawsuits against Defendants in correctional institutions, and inmate grievances against the Illinois Department of Corrections and/or its employees. Such evidence is neither material nor relevant to the issues in this case. The motion is therefore **GRANTED**.

**Plaintiff's Motion *in Limine* 3** seeks to exclude any argument or the presentation of any evidence regarding Plaintiff's history of conduct violations or other disciplinary history during his incarceration. Such evidence is neither material nor relevant to the issues in this case. The motion is therefore **GRANTED**.

**Plaintiff's Motion *in Limine* 4** seeks to exclude any reference to efforts to settle the present case. This motion is **GRANTED** without objection.

**Plaintiff's Motion *in Limine* 5** asks that Plaintiff be allowed to appear in "street clothes" rather than a prison uniform at trial. This motion is **GRANTED** without objection.

**Plaintiff's Motion *in Limine* 6** seeks to exclude any argument or the presentation of any evidence regarding Defendants' wealth or ability to pay a damage award. This motion is **GRANTED** without objection.

**Plaintiff's Motion *in Limine* 7** seeks to exclude any argument or the presentation of any evidence regarding the jurors' interest as taxpayers in refusing to award damages which would be paid by the State of Illinois or the State of Illinois' current financial condition. This motion is **GRANTED** without objection.

**Plaintiff's Motion *in Limine* 8** seeks to exclude any argument or the presentation of any evidence regarding Plaintiff's appointment of pro bono counsel or withdrawal of prior appointed counsel. This motion is **GRANTED** without objection.

**Plaintiff's Motion *in Limine* 9** seeks to exclude the presentation of any expert witness testimony or opinions, as no experts have been disclosed. Plaintiff's motion makes specific reference to Dr. Larry Soellner, an Optometrist who examined Plaintiff on two occasions after the alleged incident. The motion is **GRANTED** as to any expert opinions including the diagnosis of Plaintiff's injuries/condition(s) and causation. To the extent

that Dr. Soellner may have relevant non-expert testimony, it may be offered subject to objection in the context of the trial.

**Plaintiff's Motion *in Limine* 10** seeks to exclude any documents containing prior out-of-court statements about the incident as hearsay. The motion is **GRANTED** as to documents identified in the motion.

### Defendants' Motions *in Limine*

**Defendants' Motion *in Limine* 1** seeks to exclude evidence or testimony regarding indemnification of Defendants by the State of Illinois. This motion is **GRANTED** without objection.

**Defendants' Motion *in Limine* 2** seeks to exclude evidence regarding other lawsuits involving Defendants. This motion is **GRANTED** without objection.

**Defendants' Motion *in Limine* 3** seeks to exclude testimony or evidence regarding prior misconduct by Defendants, reprimands received by Defendants or grievances filed against them. Such evidence is neither material nor relevant to the issues in this case. The motion is therefore **GRANTED**.

**Defendant's Motion *in Limine* 4** seeks to exclude any appeal to the "Golden Rule," asking jurors to put themselves in Plaintiff's position. This motion is **GRANTED** without objection.

**Defendant's Motion *in Limine* 5** seeks to exclude evidence or testimony regarding the Illinois Administrative Code's provisions on use of force or excessive force. This motion is **TAKEN UNDER ADVISEMENT** and will be ruled upon separately.

**Defendant's Motion *in Limine* 6** seeks to exclude testimony by Plaintiff or his witnesses regarding causation of any alleged medical or mental health conditions. Plaintiff may testify regarding his symptoms, pain and functionality before and after the alleged incident, but may not offer any expert opinion on medical matters, including causation. The motion is therefore **GRANTED**.

**IT IS SO ORDERED.**

**DATED: May 3, 2018**

<pre>                                        s/ Staci M. Yandle
                                        STACI M. YANDLE
                                        United States District Judge</pre>