# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER NOVUS DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-CV-1260-SMY-RJD |
| LUCAS NANNY, TOM NORDMAN, JOSH RACKLEY, and TERRY STEWART, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

## Background

At the time of the events in this case, Plaintiff Christopher Novus Davis was housed at Chester Mental Health Center and Defendants were employed there as security therapy aides. After a three-day trial, the jury returned a verdict in favor of Plaintiff and against Defendants on Plaintiff's § 1983 excessive force and failure to intervene claims. The jury awarded a total of $5.00: $1.00 in compensatory damages and $1.00 in punitive damages against each Defendant.

This matter is now before the Court for consideration of Plaintiff's Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59(a) (Doc. 195), to which Defendants filed a Response (Doc. 196). Also pending is Plaintiff's *pro se* Motion for Extension of Time (Doc. 196). For the following reasons, the Motion for a New Trial is **GRANTED IN PART** and the Motion for Extension of Time is **STRICKEN**.

## Legal Standard

Under Rule 59(a), the Court has discretion to grant a new trial where the jury's verdict is against the manifest weight of the evidence or when a new trial is necessary to prevent a miscarriage of justice. *Romero v. Cincinnati, Inc.,* 171 F.3d 1091, 1096 (7th Cir.1999). A party will not be granted a new trial where the jury verdict has reasonable support in the record. *Carter v. Chicago Police Officers,* 165 F.3d 1071, 1079 (7th Cir.1998). To satisfy the "manifest weight of the evidence" standard, a party must show that no rational jury could have entered judgment against him. *King v. Harrington,* 447 F.3d 531, 534 (7th Cir.2006).

## Discussion

Plaintiff argues that a new trial on liability is warranted because the jury was informed that Plaintiff was currently incarcerated.[1] Prior to trial, Plaintiff filed a Motion in Limine seeking to exclude evidence of his prior convictions and sentences (Doc. 140). This Court granted that motion in part and indicated that pursuant to Federal Rule of Evidence 609, evidence that Plaintiff was a convicted of a felony was relevant to the question of his credibility and was admissible (Doc. 161). The Court also ruled that no other evidence regarding his felony convictions would be admitted.

During *voir dire*, the jury venire panel was informed by the Court that Plaintiff was a resident of Chester Mental Health and that he was an inmate of the Illinois Department of Corrections. The panel was then asked whether they had any issue with an inmate bringing a lawsuit for money damages for violations of their constitutional rights, to which none responded in the affirmative. After a break and during the discussion of which jurors would be stricken, Plaintiff objected to the jury being informed that he was currently incarcerated. That objection

---

[1] In light of the discussion below, this alternative argument appears moot. However, for the sake of completeness, the Court will address Plaintiff's additional argument.

was essentially overruled.[2] Plaintiff did not seek a curative instruction nor did he seek a mistrial.

Prior to opening statements, the jury was instructed that they must decide the case based solely on the evidence. During direct examination, Plaintiff acknowledged that he had been convicted of a felony. No evidence that Plaintiff was currently incarcerated was admitted. At the conclusion of the evidence, the jury was instructed that Plaintiff's felony conviction could be used only in deciding whether Plaintiff's testimony was truthful.

Plaintiff argues that the Court erred in "instructing" the jury of Plaintiff's current incarceration and allowing "evidence" of his current incarceration; neither of which occurred. Rather, Plaintiff's claim is that the Court impermissibly informed the jury panel that he was incarcerated when determining their ability to be impartial and prejudiced his case.

This Court has discretion in examining potential jurors pursuant to Federal Rule of Civil Procedure 47(a). *Connors v. United States*, 158 U.S. 408, 413 (1895). The Court's reference to Plaintiff being incarcerated did not deprive him of a fair trial, particularly in light of the fact that the jury would necessarily hear evidence that the incident in question took place while he was incarcerated. Moreover, the jury was instructed as to what they could consider when rendering their verdict. And, because the jury found in Plaintiff's favor, there is no showing of prejudice that would warrant a new trial on liability. *See Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993) (stating that "a new trial will not be ordered unless there was an error that caused some prejudice to the substantial rights of the parties."). Therefore, Plaintiff's Motion is denied on this point.

---

[2] The Court has reviewed the unofficial transcript of the *voir dire*. The objection made by Plaintiff was not ruled on; rather, Plaintiff's request to strike a juror for cause was overruled.

Next, Plaintiff argues the jury's award of nominal damages is irreconcilable with its finding that Defendants used excessive force against him and is therefore against the weight of the evidence presented. The Court agrees.

The evidence at trial revealed that on the morning of December 26, 2011, Plaintiff was eating breakfast in the dining hall when he stood up to get a carton of milk. Because this was a violation of the rules, he was placed in handcuffs and taken out of the dining hall to a hallway. Plaintiff testified that once in the hallway, Defendants pulled him to the ground, choked him, punched him throughout his body, and kneed him in the face. He was then taken to a separate room, uncuffed, and placed in 4-point leather restraints. He remained in the room for hours.

Plaintiff further testified that after the incident, he was in unbearable pain, had swelling, bruising, and suffered emotional harm. Photographs taken a day after the incident were admitted into evidence. They showed Plaintiff with bloody eyes, – which the parties agreed was sub-conjunctival hemorrhaging – periorbital tenderness, swelling on his wrists, bruising, a knot behind his ear, and handprints on his neck. A subsequent medical examination revealed conjunctival redness, tenderness around the eyes, a swelling left wrist, and slight swelling behind the left ear. Plaintiff was prescribed Tylenol for pain, an x-ray, and a referral to an optometrist. The sub-conjunctival hemorrhaging resolved by itself and required no additional medical treatment.

None of Defendants remembered the incident. However, Defendant Stewart wrote an incident report shortly after the event stating that Plaintiff was verbally belligerent, that he was handcuffed and placed "in a physical hold" and that he struggled as he was escorted down the hallway. The report also stated that Plaintiff kicked Stewart, slammed his body into him and attempted to claw him while struggling (even though he was handcuffed behind his back).

With respect to damages, the jury was instructed that: "If you find in favor of Plaintiff but

find that Plaintiff has failed to prove compensatory damages, you must return a verdict for plaintiff in the amount of one dollar ($1.00)" (Doc. 178, p. 25). The jury is presumed to have followed this instruction. *O.K. Sand & Gravel, Inc. v. Martin Marietta Tech., Inc.*, 36 F.3d 565, 569 (7th Cir. 1994). The jury then awarded $1.00 in punitive damages against each Defendant and $1.00 in compensatory damages.

As the Seventh Circuit Court of Appeals has noted, "'excessive force' and 'nominal damages' make strange bedfellows." *Briggs v. Marshall*, 93 F.3d 355, 360 (7th Cir. 1996). As such, nominal damages may be awarded on excessive force claims in only three situations:

> (1) "during an altercation between a police officer and an arrestee/detainee, the officer might use both justifiable and excessive force, but any injury might have resulted from the justifiable force, thereby supporting the denial of compensatory damages"; (2) "nominal damages may be appropriate where a jury reasonably concludes that evidence concerning the plaintiffs' injuries was not credible"; and, (3) "nominal damages may be appropriate where the victim's injuries have no monetary value or are insufficient to justify with reasonable certainty a more substantial measure of damages." *Id*. (citations and quotation marks omitted).

None of these scenarios apply in this case.

It is clear from the verdict that the jury credited Plaintiff's version of the events; while he was restrained and being escorted, Defendants choked, punched and kneed him. The jury also found that each Defendant knew at the time that these actions constituted excessive force but failed to intervene. While there was also evidence that Plaintiff was struggling, had to be restrained, and attempted to hit one of the defendants, choking, punching, or kneeing Plaintiff while he was on the ground and restrained could not reasonably be considered justified or reasonable force even under those circumstances. *See e.g. Frizzell v. Szabo*, 647 F.3d 698, 702 (7th Cir. 2011) (concluding that a jury could have found that the use of a taser gun was justified but that the subsequent use of pepper spray was not).

The evidence was undisputed that Plaintiff suffered injuries as a direct result of

Defendants' use of force.  Significantly, the knot behind Plaintiff's ear, the hand prints on his neck, the sub-conjunctival hemorrhaging, and his complaints of pain are consistent with Plaintiff's description of the type and excessive nature of the force used.  These injuries could not have resulted from Defendants merely handcuffing and physically holding Plaintiff.

Moreover, given the undisputed nature and extent of Plaintiff's injuries, no reasonable jury could conclude that Plaintiff's injuries had *no* monetary value.  But this jury did exactly that as evidenced by their award of nominal damages.  Also, by awarding punitive damages, the jury necessarily concluded that Defendants engaged in malicious conduct or with reckless disregard to Plaintiff's safety and constitutional rights.  Finding Defendant's conduct was sufficiently reprehensible to justify punitive damages also does not square with a $1.00 nominal damages award.  Thus, the jury's verdict with respect to damages is against the manifest weight of the evidence, and a new trial on damages is warranted to prevent a miscarriage of justice.[3]

## Conclusion

For the foregoing reasons, Plaintiff's Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59(a) is **GRANTED IN PART** (Doc. 195) and Plaintiff's *pro se* Motion for Extension of Time (Doc. 196) is **STRICKEN**.  This matter shall be set for a new trial on damages only.

**IT IS SO ORDERED.**

**DATED:  March 28, 2019**

**STACI M. YANDLE**
**United States District Judge**

---

[3] Plaintiff also filed a *pro se* motion for extension of time (Doc. 115), stating that he requires more time to determine what issues he may wish to raise before this Court and the Court of Appeals with respect to the trial.  Because Plaintiff was represented by counsel when he filed the Motion, the Motion must be **STRICKEN** (Doc. 115).  Also, a motion made pursuant to Rule 59 must be filed within 28 days of entry of judgment and that deadline cannot be extended. Fed.R.Civ.P. 6(b)(2).