# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CHRISTOPHER NOVUS DAVIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 13-CV-1260-SMY |
| LUCAS NANNY, TOM NORDMAN, JOSH RACKLEY, and TERRY STEWART, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On March 28, 2019, this Court entered an Order granting Plaintiff Christopher Novus Davis a new trial on damages only (Doc. 204). Said trial is set to commence on December 9, 2019 (Doc. 211).

Federal Rule of Civil Procedure 26(a)(3) requires parties to serve upon other parties and submit to the Court pretrial disclosures at least 30 days prior to trial. Plaintiff timely filed Rule 26(a)(3) disclosures on November 8, 2019 (Doc. 213); Defendants failed to file disclosures. During the Final Pretrial Conference held on November 20, 2019, when specifically questioned by the undersigned, counsel for the defendants conceded that Defendants' failure to file Rule 26(a)(3) disclosures was not due to excusable neglect. Accordingly, pursuant to Rule 37(c)(1), the Court ruled Defendants will be barred from presenting witnesses at trial. Now pending before the Court is Defendants' Motion for Reconsideration (Doc. 219) and Plaintiff's response (Doc. 223). For the following reasons, the Motion is **DENIED**.

As an initial matter, Defendants fail to assert any manifest error of law or fact or any newly discovered evidence that would warrant reconsideration. *See Hicks v. Midwest Transit, Inc.*, 531

F.3d 467, 474 (7th Cir. 2008). That said, Rule 37(c)(1) provides that if a party fails to provide information or identify witnesses in a Rule 26(a) disclosure, "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Defendants contend they should be allowed to rely on Rule 26(a)(3) disclosures they filed on September 13, 2017, prior to the first trial, and argue that because each of the witnesses they intend to call at the upcoming trial were identified in those disclosures, there can be no prejudice to Plaintiff.

Defendants failure to submit timely disclosures prior to the new trial was not substantially justified or harmless. During the Final Pretrial Conference, when given the opportunity to do so, Defendants offered no explanation for failing to comply with Rule 26(a)(3). Their Motion likewise offers not substantial justification other than a mistaken and unsupported belief that disclosures made prior to the first trial are sufficient. They are not. This case is set for a *new* trial – not merely a continuation of the previous trial, and Defendants' failure to serve timely Rule 26(a)(3) disclosures certainly prejudices Plaintiff's ability to prepare for trial. The new trial is narrowly focused on damages and Defendants' previous disclosures identify witnesses whose testimony would obviously be irrelevant and immaterial to damage issues. As such, Defendants' attempt to rely on their previous disclosures, even after-the-fact, does not appear to be in good faith; the Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

**DATED: December 4, 2019**

**STACI M. YANDLE
United States District Judge**