IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER NOVUS DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-1260-SMY |
| | ) |
| LUCAS NANNY, TOM NORDMAN, | ) |
| JOSH RACKLEY, and TERRY | ) |
| STEWART, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter proceeded to a jury trial December 9-10, 2019 on Plaintiff Christopher Novus Davis' claims of excessive force and failure to intervene in violation of the Fourteenth Amendment. The jury returned a verdict in favor of Davis and against Defendants Lucas Nanny, Tom Nordman, Josh Rackley, and Terry Steward, and awarded Davis $150,000 total in compensatory damages and $75,000 in punitive damages against each defendant (Doc. 236). Judgment was entered on January 10, 2020 (Doc. 237). Defendants filed a motion for a new trial on (Doc. 243) which was denied on June 24, 2020 (Doc. 251). Thereafter, Defendants appealed (Doc. 253). The appeal was dismissed on March 3, 2021 upon the parties' agreed motion (Doc. 268) and Davis filed a Release and Satisfaction of Judgment on March 10, 2021 (Doc. 269).

Now pending before the Court is the parties' Joint Motion to Vacate Clerk's Judgment filed on March 11, 2021 (Doc. 270). Pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6), the parties request relief from that portion of the January 10, 2020 Judgment awarding punitive damages "because the judgment has been completely satisfied and released, and as such, applying it prospectively would no longer be equitable . . . [and because the parties] have agreed that it

should be vacated" (Doc. 270, p. 2). The Court conducted a hearing on the motion on March 24, 2021.

## Discussion

Rule 60(b) permits relief from judgment "[o]n motion and just terms" because "the judgment has been satisfied, released, or discharged . . . or applying it prospectively is no longer equitable, [or] any other reason that justifies relief." *Id* 60(b)(5-6). Such motions must be filed within a "reasonable time." *Id*. Relief under Rule 60(b) is within the Court's discretion but is an extraordinary remedy that is reserved for exceptional circumstances. *Buck v. Davis*, __ U.S. __, 137 S.Ct. 759, 777-8 (2017); *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017). Extraordinary circumstances can include "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck*, 137 S.Ct. at 778. Rule 60(b)(5) motions can be granted if "'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Horne v. Flores*, 557 U.S. 433, 447 (2009).

The parties first request the Court to vacate the punitive damage award portion of the Judgment on the basis that "applying it prospectively is no longer equitable." However, that aspect of Rule 60(b) typically applies to prospective injunctive relief which was not an issue in this case. *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 631 (7th Cir. 1997) ("Generally, relief from the prospective application of judgments under Rule 60(b)(5) has been granted almost exclusively in cases dealing with injunctions and consent decrees.").

The relief afforded by the Rule 60(b)(5) satisfaction of judgment clause and the Rule 60(b)(6) catchall is within the Court's discretion. When determining whether a judgment should be vacated, a court should equitably balance the interests of the parties and the public. *See Matter*

of Memorial Hosp. of Iowa County, Inc., 862 F.2d 1299 (7th Cir. 1988) (considering a motion to vacate the opinion and judgment of the district court when case is settled on appeal by weighing private and public concerns). These interests include: the expenditure of judicial resources, the precedential effect of the Court's opinions and the value to third parties (i.e. social value of the case), the preclusive effect of the judgment, and the parties' interest in settling the case. Id.

Significant resources have been expended on this case, including two jury trials. There is value in this Court's opinions to the public at large in this area of the law. This is especially true in a civil rights case where an incarcerated plaintiff achieved a significant victory and was awarded punitive damages. See Obrycka v. City of Chicago, 913 F.Supp.2d 589 (N.D. Ill. 2012) (denying a Rule 60(b)(6) motion for relief from a judgment entered pursuant to a jury verdict in a Monell case). Of course, the Court's orders will not be expunged if the judgment is vacated and there does not appear to be any preclusive effect of the judgment (there is little doubt that this matter will not be re-litigated if the judgment is vacated). However, these considerations do not outweigh the deterrent value of a judgment in a case in which Defendants' conduct was twice found to be heinous enough to warrant punitive damages. See, Beard v. Wexford Health Sources, Inc., 900 F.3d 951, 953 (7th Cir. 2018).

Moreover, while the parties jointly request relief from judgment, such relief will have no effect on the parties' settlement which has been consummated. See, Orlowski v. Eriksen, 2010 WL 2401938 (N.D. Ill. 2010) (granting a Rule 60(b)(6) motion for relief from judgment where the court granted judgment as a matter of law on a malicious prosecution claim in favor of defendants, the jury found in favor of defendants on a false arrest claim, but found in favor of plaintiff on an excessive force claim but awarded zero damages – holding that there was no precedential or preclusive effect of the judgment and that the parties settlement would be held up if the Court did

not vacate the judgment). During the hearing, Defendants asserted that a punitive damages award may have a detrimental effect on their credit score. But their private interests in this regard do not outweigh the previously noted public interests.

This case was hard fought and resulted in two jury trials. To essentially nullify the jury's verdict as to punitive damages risks undermining the public's confidence in the judicial system and would send the wrong message; that a jury's determinations regarding matters before it can simply be expunged based on the parties' desires. The Joint Motion to Vacate Judgment (Doc. 270) is therefore **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 24, 2021**

**STACI M. YANDLE**
**United States District Judge**